```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
IN RE PETITION OF NATIONAL SECURITY                            :   **SUMMARY ORDER**
ARCHIVE, AMERICAN HISTORICAL                                   :
ASSOCIATION, AMERICAN SOCIETY OF                               :   08 Civ. 6599 (AKH)
LEGAL HISTORY, ORGANIZATION OF                                 :
AMERICAN HISTORIANS, SOCIETY OF                                :
AMERICAN ARCHIVISTS, AND SAM                                   :
ROBERTS FOR ORDER DIRECTING RELEASE                            :
OF GRAND JURY MINUTES                                          :
                                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The parties in this case appeared before me on August 26, 2008, for oral argument on two issues: 1) Whether testimony from seven remaining witnesses, who had testified before the Rosenberg grand jury but had not been located as of the last conference before me, should be released; and 2) Whether testimony from witnesses who appeared before the Brothman/Moskowitz grand jury should be disclosed. For the reasons stated on the record, and with but one exception, I hold in favor of the petitioners on both issues.

      First, as indicated in the Government's letter of August 21, 2008, the Government has confirmed that four of those witnesses – William Perl, Perry Alexander Seay, Sarah Powell, and Michael Sidorovich – are deceased. The Government consents to the release of these witnesses' testimony and I order that their testimony be unsealed promptly. With respect to the three remaining witnesses – Vivian Glassman (Pataki), Edith Levitov (Garduk) and Frank Wilentz – the Government has been unable to ascertain where they live, or if they remain alive. In light of the publicity given to the proceedings, and the ease and efficiency of expressing any objection to release, I find that the witnesses are either indifferent to release, or lack capacity (because of death or otherwise). Accordingly, I order that their testimony also be released, but after the period described below.

As to the Brothman/Moskowitz grand jury testimony, I hold that the proceedings are also of substantial historical importance. See In re Pet'n of Bruce Craig, 131 F.3d 99, 107 (2d Cir. 1997) (noting that "if historical interest in a specific case has persisted over a number of years, that serves as an important indication that the public's interest in release of the [grand jury] information is substantial."); In re Pet'n of Am. Historical Ass'n, et al., 49 F.Supp.2d 274 (S.D.N.Y. 1999) (applying the factors set forth in In re Craig in its decision to release portions of the testimony from the special grand juries relating to the investigation of Alger Hiss). Of the eight witnesses who testified before that grand jury, seven are deceased, and no family member or relative has lodged an objection. The eighth and only living witness, Miriam Moskowitz, initially opposed disclosure, but advised the Government that she now consents to disclosure.

The Government is ordered to report to the Court if, within seven days, the witness fails to execute a writing reflecting her changed position. I order the Government to release the testimony of the Brothman/Moskowitz grand jury (subject to receiving witness Moskowitz's anticipated writing).

With respect to my ruling ordering the release of the testimony of Ms. Glassman, Ms. Levitov, and Mr. Wilentz before the Rosenberg grand jury, and of the testimony before the Brothman/Moskowitz grand jury, I grant the Government's request for a 60-day stay in order to allow the Government to decide if it wishes to file a notice of appeal of this Order. If the Government does not file a timely notice of appeal, the material is to be released promptly. If the Government does file a timely appeal, I grant a stay of an additional ten days, to enable the Government to move for a further stay before the Court of Appeals.

SO ORDERED.

Dated: August 26, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2